UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LARRY ELLIOT KLAYMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW KAISER, et al.,<br><br>    Defendants. | Case No. 20-cv-09490-LB<br><br>**ORDER TRANSFERRING CASE TO THE DISTRICT OF COLUMBIA**<br><br>Re: ECF No. 15 |

## INTRODUCTION

The plaintiff Larry Klayman, who is representing himself in this lawsuit and who practiced law for 40 years as a member of the D.C. Bar, sued officials of the D.C. Bar's Office of Disciplinary Counsel, challenging their suspension of him as tortious interference and an abuse of process.[1] He filed five similar lawsuits: two in the District of Columbia, one in D.C. Superior court, and two in district courts in Texas. The D.C. courts ruled against him, and the Texas courts transferred the lawsuits to the District of Columbia.[2] The defendants here also have moved to transfer the case to the District of Columbia on the grounds that the public and private interests

---

[1] Compl. – ECF No. 1 at 2 (¶¶ 3–10), 15–17 (¶¶ 45–55). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 15 at 3–4 (collecting cases).

ORDER – No. 20-cv-09490-LB

favor transfer.[3] The court can decide the motion without oral argument under Civil Local Rule 7-1(b), grants the motion, and transfers the case to the District of Columbia.[4]

## STATEMENT

The parties are diverse: the plaintiff resides in Florida, and the defendants — all D.C. Bar officials — are employed in the District of Columbia.[5] Following disciplinary proceedings, the D.C. Bar suspended the plaintiff, a lawyer admitted to the D.C. Bar for over 40 years, for 90 days for an alleged conflict of interest. The plaintiff claims over $75,000 in damages from the suspension.[6] He challenges the D.C. Bar's sending a notice of his suspension to the Ninth Circuit, where he is admitted. The Ninth Circuit issued an order to show cause but discharged it after the D.C. Bar reinstated the plaintiff.[7] The D.C. Bar sent similar notices to other courts where he was admitted.[8]

Before the plaintiff filed this lawsuit, he filed five similar lawsuits, two in the District of Columbia, one in D.C. Superior court, and two in district courts in Texas. The D.C. courts ruled against him, and the Texas courts transferred the lawsuits to the District of Columbia. *Klayman v. Fox*, No. CV 18-1579 (RDM), 2019 WL 2396538, (D.D.C. June 5, 2019), *reh'g denied*, No. CV 18-1579 (RDM), 2019 WL 3752773 (D.D.C. Aug. 8, 2019), *and aff'd sub nom*, *Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020); *Klayman v. Lim*, No. CV 18-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019), *reh'g denied*, No. CV 18-2209 (RDM), 2019 WL 3752774 (D.D.C. Aug. 8, 2019), *aff'd*, 830 F. App'x 660 (D.C. Cir. 2020); *Klayman v. Porter*, No. 2020 CA 000756 B, slip. op. (D.C. Super. Oct. 1, 2020); *Klayman v. Porter*, C.A. No. 3:20-cv-02526-M (N.D. Tex. Dec. 7,

---

[3] Mot. – ECF No. 15 at 7; Joinder – ECF No. 23.

[4] The defendants consented to magistrate jurisdiction. The plaintiff declined jurisdiction. Declination – ECF No. 28. The undersigned can issue a non-dispositive order transferring the case. *Kinney v. Gutierrez*, No. 3:16-cv-02278-LB, 2016 WL 4268679, at *1 (N.D. Cal. Aug. 15, 2016) (citing *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013)).

[5] Compl. – ECF No. 1 at 2–3 (¶¶ 3–7).

[6] *Id.* at 4 (¶ 13), 7 (¶ 20), & 18 (Prayer for Relief).

[7] *Id.* at 7–8 (¶¶ 21–26).

[8] *Id.* at 8–9 (¶¶ 27–34).

2020), Order – ECF No. 22; *Klayman v. Porter*, C.A. No. 1:20-cv-1014-LY (W.D. Tex. Oct. 29, 2020), Order – ECF No. 13.

## GOVERNING LAW

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of forum non conveniens, it was intended to be a revision to, rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a forum non conveniens dismissal. *Norwood*, 349 U.S. at 32.

The moving party must establish that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if (1) that court is one where the action might have been brought, (2) the transfer serves the convenience of the parties, and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified additional factors that a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'"

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled to or [] only minimal consideration." *Id*.

## ANALYSIS

The court has diversity jurisdiction because the parties are diverse and the plaintiff's claimed damages exceed $75,000. 28 U.S.C. § 1332(a).

The defendants move to transfer on the ground that the public and private interests favor adjudication of the dispute there.[9] The plaintiff counters that his choice of forum is entitled to deference, and the defendants targeted the district by sending notice of the disciplinary proceedings to the Ninth Circuit.[10] The court grants the motion to transfer because the § 1404(a) factors favor transfer.

First, the plaintiff could have filed the lawsuit in District of Columbia, where the D.C. Bar disciplined him and where the defendants work, issued their disciplinary suspension, and notified the courts where the plaintiff was admitted. 28 U.S.C. § 1391(b).

Second, regarding the private interests, there are no witnesses here.

Third, the defendants' notifying the Ninth Circuit of the plaintiff's suspension does not militate against transfer. The plaintiff does not reside here, the key events did not occur here, and witnesses are not in this district. The court thus gives the plaintiff's choice of forum minimal deference. *Lou*, 834 F.2d at 739.

---

[9] Mot. – ECF No. 15 at 7; Joinder – ECF No. 23.
[10] Opp'n – ECF No. 27 at 2.

**CONCLUSION**

The court transfers the case to the District of Columbia. This disposes of ECF No. 15.

**IT IS SO ORDERED.**

Dated: February 22, 2021

_____
LAUREL BEELER
United States Magistrate Judge